# Gains *v.* The State.

## Stealing Ride on Train.

(Decided Feb. 7th, 1907.  43 So. Rep. 137.)

1. *Criminal Law; Appeal; Questions Presented for Review.*—In the absence of a recital in the record proper of the court's action on the demurrers, the statement in the bill of exceptions that the court overruled the demurrers does not present such action for review.

2. *Same; Reserving Exceptions to Charges.*—The bill of exceptions recites that appellant requested four charges and sets them out, and then recites that the defendant duly excepted to the refusal of the court to give them. Held, a request in bulk and not available if any one charge is bad.

3. *Unlawfully Riding on Train; Evidence.*—Evidence in this case held sufficient to authorize a conviction for unlawfully being

on train without consent of train operators with intent to be transported free.

4. *Criminal Law; Evidence; Burden of Proof; Negative Averments.* The burden of proving the negative averments of the affidavit that the person was not in the employment of the railroad and that he was riding without authority from the conductor or engineer is not upon the state, such facts being particularly within the knowledge of the defendant.

APPEAL from Shelby County Court.

Heard before Hon. A. P. LONGSHORE.

This prosecution was commenced by affidavit, which charged that Ben Gains, a person not an employe in the discharge of his duty, and without authority from the conductor of the train or by permission of the engineer, and with the intention of being transported free and without paying the usual fare for such transportation, did ride on the top of a Louisville & Nashville railroad car, or a freight car on the Louisville & Nashville railroad. The warrant charging this offense was issued on this affidavit. The cause was tried on affidavit and warrant in the Shelby county court. The evidence showed that on or about the 13th day of March, 1906, in the town of Calera, the marshal of the town saw the defendant on top of an open box car on the Louisville & Nashville railroad, about 150 yards below the station at Calera. At the time he was arrested he had just jumped down off of the train, which was moving slowly. When first seen, he was on a box car, with one leg hanging on the inside of the car and the other out. The time was somewhere between 9 and 10 o'clock at night. When the marshall got within ten or 12 steps of him, the defendant jumped down off the train and was caught and locked up. This was all the evidence for the state, and the defendant introduced none, but asked for the general affirmative charge. The defendant asked other charges, in substance, that the burden of proof is on the state to prove beyond reasonable doubt that, at the time he was riding, he was not an employe of the road and in the discharge of his duty; that he was riding on the train without the permission and consent of the conductor or engineer in charge of the train; that the state must show

[Gains v. The State.]

that at the time he was riding he had not paid his fare—all of which charges were refused. Defendant was convicted and fined.

No counsel marked for appellant.

Alexander M. Garber, Attorney General, for State.—The demurrer cannot be considered because not shown in the record proper nor is the action of the court shown thereon by the judgment entry.—*Broadhead v. The State,* 40 So. Rep. 216; *McQueen v. The State,* 138 Ala. 63 The second alternative was good and the judgment of conviction will be referred to the good count.—*Hornsby v. The State,* 94 Ala. 55; *Handy v. The State,* 121 Ala. 15. The charges were requested in bulk and if any are bad all are properly refused.—*Johnson v. The State,* 141 Ala. 37. The bill of exceptions is construed most strongly against the pleader.—*Moore v. The State,* 40 So. Rep. 345; *Dickens v. The State,* 39 So. Rep. 14. If it be conceded that the burden was upon the state to show that the defendant was not within any of the exceptions mentioned in the statute the tendencies of the evidence were sufficient to submit that question to the jury.—*Hall v. The State,* 40 Ala. 698; *Carden v. The State,* 84 Ala. 417; *Barker v. The State,* 126 Ala. 69. The rule is that where the subject matter of the negative averment lies particularly within the knowledge of the other party the averment is taken as true unless disproved by that party.—*Farrell v. The State,* 32 Ala. 557; *Hancy v. Connolly,* 57 Ala. 179; *Freiberg v. The State,* 94 Ala. 91.

DOWDELL, J.—The bill of exceptions recites that a demurrer was overruled to the affidavit. The record does not show any demurrer or ruling thereon by the court, otherwise than by the recital in the bill of exceptions. This is insufficient to present the question for review on appeal.—*McQueen v. State,* 138 Ala. 63, 35 South. 39; *Broadhead v. State,* (Ala.) 40 South 216, and cases there cited.

The bill of exceptions recites that "the defendant asked the court in writing to give the jury the following charges," and then follows charges numbered from 1 to 4, inclusive, and concludes: "The above written charges requested by the defendant to be given to the jury, and refused by the court. The defendant duly excepts and reserves the same for the consideration of the Supreme Court." The request was general, and, unless all of the charges were good and should have been given, the exception is unavailing.—*Johnson v. State,* 141 Ala. 37, 37 South. 456, and cases there cited. Charge No. 1 was the general affiramtive charge to find the defendant not guilty. There was sufficient evidence from which the jury were authorized to find him guilty.

On the authority of *Farrall v. State,* 32 Ala. 557, and *Freiberg v. State,* 94 Ala. 91, 10 South. 703, and the reasons there stated, the burden of proof was not on the state to prove the negative averment in the affidavit. This was matter of defense particularly within the knowledge of the defendant.

We find no error in the record, and the judgment will be affirmed.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.