# Fike *v.* Stratton.

## *Material-man's Lien.*

(Decided December 21, 1911. 5 South. 929.)

1. *Contracts; Breach; Allegations.*—A complaint must allege the breach of a contract relied on for recovery.

2. *Same; Negativing Exceptions.*—If the contract sued on contains an exception which qualifies defendant's liability, or relieves him from liability, it should be negatived in the declaration, although it may not be necessary to do so if such exception does not wholly relieve from liability.

3. *Same.*—A plaintiff need not negative a proviso in the contract sued on, which would merely defeat his cause of action after it had vested.

4. *Same.*—Whether it be called an exception or a proviso, the true test as to whether such a provision in the nature of an exception should be negatived in an action on the contract, is whether it be a condition precedent to liability, or merely a condition subsequent going to the defeat of plaintiff's right of action, when once vested; if a condition precedent, it should be negatived in the complaint, but if it merely justifies or excuses a breach in certain instances, it is defensive matter which need not be negatived in the complaint.

5. *Same; Burden of Proof.*—As the provision in a building contract exempting the contractor from liability for delay for causes beyond his control was for his benefit, the burden was upon him when sued by the owner for damages for delay to show that the delay was from causes beyond his control.

6. *Same; Instructions.*—Where the action was by a contractor to enforce a material-man's lien and the owner set up damages for delay in completing the building, and the contract provided that the contractor should be liable for delay except for causes beyond his control, a charge asserting that if the market value of the house as constructed, and the extra work, was equal to the amount already paid to the contractor, plus the damages claimed, and the house and extra work were accepted, the jury should find for the contractor for the amount sued for, and interest thereon, unless they found that there was delay after the date provided in completing and turning over the building to the owner, and if there was delay, the jury must still find for the contractor unless the jury found that it was wholly due to his fault, and no part thereof was due to the owner's fault, was properly refused as misleading in that it excused the contractor for delay if the owner was even slightly at fault, though the contractor could have obviated the delay; and also defective for failing to charge the owner with such causes of delay as were set up in the replication.

[Fike v. Stratton.]

7. *Same; Performance; Acceptance; Waiver.*—An owner does not waive defects in a building by failing to point them out when she accepted it, if they were latent, and she did not know of them.

8. *Same; Instructions.*—Where the question was for the jury whether the contractor had not breached his contract as to the character of work and material, and the owner claimed damages from delay in completion, a charge which did not permit defendant to offset any damages for a breach by delay was properly refused.

9. *Same; Province of Jury.*—Where the question as to whether or not the owner waived damages for delay was one for the jury under the evidence a charge that the owner waived damages for delay as a matter of law, was properly refused.

10. *Same.*—Where the action was by the contractor to enforce a building contract, and defendant set up damages for delay by way of recoupment and counterclaim, a charge asserting that if the jury believe the evidence they should find for the plaintiff for the amount claimed for extra work and material, pretermitted consideration of the owner's plea of recoupment for damages for the delay, and was properly refused.

11. *Same.*—In an action by a contractor to enforce a building contract where the owner claimed damages for delay by way of recoupment, charges which failed to confine the owner's liability to the causes of delay set up in the pleadings, they alleging particular causes of delay, were properly refused.

12. *Same.*—Where the action is by a contractor to enforce his building contract with counter claims for damages by the owner for delay, to which the contractor replied, a charge that the burden of proof was upon the contractor to reasonably satisfy the jury of the truth of every material averment in certain numbered replications, did not have the effect to require proof of such replications collectively, but merely to require plaintiff to prove each of them before either of them could be said to overcome the pleas.

13. *Mechanics' Lien; Action; Pleading; Negativing Provisions.*—Where the building contract provided that should the building not be turned over completed before a certain date the owner might retain from the compensation the sum of $10 per day until the building was turned over completed, delays beyond the contractor's control being excepted, such proviso did not constitute a condition precedent to liability by him for delay, and hence, in an action by him to enforce his lien, the owner in his plea to recoup damages for delay was not required to negative that the delay was not from causes beyond the contractor's control ; that being matter for replication to the pleas.

14. *Pleading; Demurrer; Part of Plea.*—A demurrer which in fact, questioned only certain items of a plea, should not be addressed to the whole plea, but should be directed to such items.

15. *Same; Conclusion.*—A replication to pleas setting up damages for delay in completing a building, should set up the nature and causes of delay, and not merely allege that the delay was from causes beyond the contractor's control, as that was a mere conclusion.

16. *Appeal and Error; Harmless Error; Favorable to Complainant.* —Where appellant recovered a judgment and appeals from the insufficiency of damages awarded, any errors which go merely to his right to recover or to the defendant's right to judgment over on the plea, was cured by the verdict.

17. *Same; Instructions.*—Where the verdict was for the plaintiff in an action to enforce a building contract, the defendant pleading damages for delay in the completion, any error in that the instruction permitted recovery over when the contract required the damages for delay to be deducted from the unpaid balance due the contractor was cured by a verdict for plaintiff.

18. *Same.*—Error in instructions authorizing a finding against the plaintiff under the facts therein stated was cured by a verdict for the plaintiff.

19. *Charge of Court; Inapplicability to Pleading.*—Where replications went out on demurrer, charges referring to such replications were properly refused.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by Edward G. Fike against Georgia K. Stratton to enforce a material-man's lien. From a judgment for insufficient damages, plaintiff appeals. Affirmed.

The complainant declares for $1,015 on account for work and labor and for materials furnished in remodeling and improving a residence. The complaint sets forth property on which the lien is claimed, with the further averment that the plaintiff was the original contractor with the defendant or her agent for doing the work, and that the defendant is owner of the premises, and that the work was done under a contract between the owner or her agent and the said Fike as the original contractor, and that the contract was for the remodeling and completion of said residence and for doing other work. Then follows a statement as to the filing of the verified statement, etc.

Plea was as follows:

"And, for further plea in this behalf, defendant says that the work done and materials furnished and put upon the property of the defendant was done and fur-

[Fike v. Stratton.]

nished under the terms of a written contract made and entered into by and between plaintiff and defendant on September 1, 1906, and in which said written contract, a copy of which is made 'Exhibit A' to this plea, it was stipulated that the painting of the exterior of the building to be remodeled and enlarged was to be substantially and in accordance with the painting upon the exterior of an adjacent residence of defendant, and this obligation of said written contract was broken by the plaintiff, in that he had failed and refused to so paint the house he contracted to remodel and enlarge, and the defendant avers that the costs of doing this painting in accordance with the contract amounts to the sum of $143. And defendant further avers that, in accordance with the terms of said written contract, the exterior doors upon said building were to be what is known as 'built-up doors,' but the defendant avers that the exterior doors put in said house by plaintiff were not built-up doors, and the defendant avers that the contract required the placing of six built-up doors, and that the difference in the value of six doors as furnished by the plaintiff and the built-up doors he was required to furnish under the contract was $2.50 each, making a total of $15. And the defendant further avers that, under the terms of said written contract, the said six built-up exterior doors were to be hung upon three 5x5 bronze butts, but the defendant avers that these doors were not so hung, being hung on two butts, to the damage of defendant in the sum of $3. And defendant avers that in said contract it was stipulated that the lock sets upon the six doors next above referred to were to cost not less than $8 each. * * * The defendant avers that the lock set on the door at the entrance to the building cost about $6, instead of $8, as specified in said written contract, and the lock sets placed upon the other five doors

[Fike v. Stratton.]

cost approximately 50 cents each per set, causing a loss or damage to the plaintiff in the sum of $39.50. And the defendant avers that, according to the terms of the said written contract, all exterior work upon the building to be remodeled and enlarged was to be of cypress lumber, and defendant avers that the work upon the exterior as done by the plaintiff was in pine wood and in violation of said contract to the damage of the defendant in the sum of $50. The defendant avers that two front windows were not put in by plaintiff according to the specifications forming a part of said written contract, and the change made and contracted for by the defendant to comply with the specifications will cost the defendant the sum of $65. Defendant avers that, under the terms of the said written contract, the plaintiff was to furnish a bathtub as specified, and plaintiff failed or refused to put in place, or rather to furnish this bathtub to the damage of the defendant in the sum of $62.50. And the defendant avers that, under the terms and conditions of the said written contract, plaintiff was to furnish lavatories, which he refused and neglected to do, to the damage of the defendant in the sum of $18. And the defendant avers that, under the terms and conditions of the said written contract, the front door to said building and the windows were to be plate glass, but the defendant avers that the glass put in said front door and into said windows was not in accordance with said contract, to the damage of the defendant in the sum of $24, and the defendant claims further damages from the fact that the specifications forming a part of said contract have not been followed, but, on the contrary, departed from, and numerous substitutions have been made for materials specified in said specifications, to the damage of the defendant in the sum of $200. Wherefore the defendant claims said sum

of $620 in the aggregate of the breaches of said contract by the plaintiff as in this plea shown, as a recoupment against the demand of the plaintiff.

"(3) And for further plea in this behalf defendant says to the entire complaint that under the terms and conditions of a certain written contract entered into by and between the plaintiff and the defendant, a copy of which is made 'Exhibit A' to this plea, it was agreed that said work is to be completed and the building turned over to said Hamilton or his principal on or before the 20th day of December, 1906. Should said building not be turned over complete, said Hamilton may retain out of the compensation hereinabove provided for the sum of $10 a day until the building is so turned over, delays beyond contractor's control excepted. And the defendant avers that the contract in question was dated September 1, 1906, and said stipulation above set out was agreed upon as liquidated damages for failure to turn over and complete said building in accordance with said written contract, and the defendant avers that the plaintiff has not to this day completed the said building according to the contract, and did not turn over the keys of the same to her or her agent until the last part of July, 1907, wherefore the defendant claims that the plaintiff under said provision of said contract was indebted to her in the sum of $1,000 as liquidated damages for failure to complete and turn over to her or her agent said building within the time agreed upon, and forming a part of the essence of the said written contract. Wherefore the defendant claims and demands a recoupment against the demand of the plaintiff, the aggregate of the sums set up and claimed by the defendant against the plaintiff in her pleas numbered 2 and 3 amounting to $1,620, and she claims judgment for the excess."

The demurrers to plea 2 were that the contract is not set out literally or in substance, because it purports to be a plea of set-off, and does not describe the defendant's demand by its date, nor state when the same was payable, nor to whom payable; and because it does not show that at the time the action of plaintiff was commenced that plaintiff was indebted to the defendant in any sum whatsoever. Demurrers were also interposed to each special plea for damages in such case (1) because it is not shown that the plaintiff obligated himself to do the particular thing alleged to have been left undone, or to do them differently from the way they were done, and because the matters set up are not the proper measure of damages. Demurrers were interposed to the third plea on practically the same grounds as above set forth, and because the plea claims for certain damages for failure to turn over a certain building to the defendant within a certain time, and does not show any data by which any damages could be arrived at, nor does it show any contract obligating plaintiff to pay any special damages; because it alleges time as the essence of the contract, and does not show the terms of the contract whereby the court may determine whether or not time is of its essence. It may be remarked that the contract was attached as an exhibit to both pleas. These pleas were afterwards amended so as to include the written contract therein, and the allegations of the pleas were somewhat enlarged, but no material change was made.

The third clause in the contract was as follows: "Said work is to be completed and the building to be turned over to said Hamilton or his principal on or before the 20th day of December, 1906. Should said building not be turned over complete, said Hamilton may retain out of the compensation hereinbefore provided for the sum

of $10 per day until the building is so turned over, delays beyond contractor's control excepted." The following are replications 10 and 11:

"(10) Plaintiff said in replication to the third and fourth pleas that his failure to complete and turn over the dwelling house to the defendant, mentioned in this contract, the basis of this suit, within the time ending December 20, 1906, was not a breach of said contract, in this: that all the delay after the date in so completing and turning over said dwelling house to defendant was beyond plaintiff's control.

"(11) Plaintiff for replication to the third and fourth pleas says that his failure to complete and turn over to the defendant the dwelling house mentioned in the contract, the basis of his suit, within the time ending December 20, 1906, was not a breach of said contract, in this: That the contract provided that delays beyond the contractor's control were excepted from the time for which he was chargeable with damages, and plaintiff says that all the delays after the said date in so completing and turning over said dwelling house to the defendant was beyond plaintiff's control."

The demurrers were that the replication did not allege or show in what manner the delays were beyond the control of the contractor, and that the allegations of said replications were the mere conclusions of the pleader. The following charges were given at the request of the defendant:

"(1) The court charges the jury that, if they are reasonably satisfied from the evidence in this cause that all of the delay in the completion and turning over the building after the 20th of December was not caused by the defendant or by causes beyond the control of the plaintiff, one or both, then and in that event you should, in finding your verdict, allow the defendant the sum of

[Fike v. Stratton.]

$10 per day for each and every day's delay beyond the said 20th day of December, 1906, not caused by the defendant or by causes beyond the control of the plaintiff, one or both, not exceeding the sum of $1,200 in all; and if the jury are further reasonably satisfied from the evidence in this case that the plaintiff in this case failed to perform its contract with the defendant in any other particular, and thereby damaged the defendant, the jury should add this damage to the sum, if any, for the delay aforesaid, not caused by the defendant, or by causes beyond the control of the plaintiff, one or both. From this aggregate sum the jury should deduct whatever amount is shown by the evidence to be due the plaintiff, if any, and render a verdict for the defendant for the balance, if any.

"(2) The court charges the jury that if they are reasonably satisfied from the evidence in this cause that 120 days or more of the delay in the completion and turning over of the building after the 20th day of December, 1906, was not caused by the defendant, or by causes beyond the control of the plaintiff, one or both, then, and in that event, you should in finding your verdict allow the defendant the sum of $1,200, and if the jury are further reasonably satisfied from the evidence in this cause that the plaintiff in this cause failed to perform his contract with the defendant in any other particular, and thereby damaged the defendant you should add this damage to the sum of $1,200. From this aggregate sum you should deduct whatever amount shown by the evidence to be due the plaintiff, if any, and render a verdict for the defendant for the balance, if any.

"(2) The court charges the jury that the burden of proof is upon the plaintiff to reasonably satisfy you from the evidence of the truth of every material averment in his replications numbered 10, 11 and 13 before said

replications can be held by the jury to countervail the pleas to which said replications are pleaded, if the jury are further reasonably satisfied from the evidence of the truth of said pleas.

"(4) The court charges the jury that they cannot find a verdict against the defendant under the second count of the complaint, unless you are reasonably satis-fied from the evidence that the plaintiff substantially completed said building as alleged in said count of said complaint, in accordance with the terms and the pro-visions of the contract and plans and specifications made a part thereof as alleged in said count of said com-plaint."

The following charges were refused to plaintiff:

"(1) The court charges the jury that if you find that the work was not completed and the building not turned over to Hamilton or his principal on or before Decem-ber 20, 1906, and further find that the fact that this was not done was partly due to the fault of the defendant and partly due to the fault of plaintiff, Fike, then you can-not apportion the fault, but on this issue of damages for delay must find for the plaintiff.

"(3) The court charges the jury that if you find from the evidence in this case that there was delay beyond December 20, 1906, in the completion and turning over to the defendant, or her agent, of the building, the work and material on which this suit is based, and you further find that such delay or any part thereof was caused by the fault of the defendant, then you cannot charge the plaintiff, Fike, with anything for any part of such delay.

"(4) If you are reasonably satisfied from the evi-dence that the fair market value of the house as con-structed by Fike for Mrs. Stratton and the extra work done by him for her was equal to the amount already

paid by Mrs. Stratton to Fike, together with the amount claimed in this suit, and that the house as constructed and the extra work were accepted by Mrs. Stratton, then you should find for Fike for the amount and interest thereon sued for, unless you further find from the evidence that there was delay after December 20, 1906, in the completion and turning over of the house to Mrs. Stratton or her agent, and, if there was delay, you must still find for Fike, unless such delay was wholly due to Fike's fault, and no part thereof due to the fault of Mrs. Stratton.

"(5) If you find from the evidence that Mrs. Stratton in July, 1907, by her agent pointed out to Fike certain particulars in which the house had not been remodeled according to contract, and that Fike thereupon made good the work in all the particulars pointed out, which under his contract he was obligated to maintain, and agreed to make good any other such particulars in which the remodeling had not been according to his contract, and that after this Mrs. Stratton accepted the house without having pointed out any other particulars in which the remodeling of the house had not been done in accordance with the contract, then she would not have the right after this acceptance to charge Fike with the doing of any other work on the remodeling of the house without first pointing out the work to Fike, and demanding that he do the same.

"(5a) If you find from the evidence that there was some defect in the plastering and in the door fittings, and the thickness of the doors, and further find that Fike offered to Mrs. Stratton or her agent to make good any defect that was pointed out, and Mrs. Stratton or her agent pointed out certain defects, but not the defects in the plastering and the doors mentioned above, and that Fike made good the defects that were pointed out,

which, under his contract, he was obligated to make good, then you cannot charge Fike with the costs of making good the defects, if any, in the plastering and doors which were not pointed out, unless it is further shown that Fike had notice of these defects, and was requested to make same good, and refused to do so.

"(6) If you find that Mrs. Stratton in July, 1910, by her agent pointed out to Fike certain particulars in which the house had not been remodeled according to contract, and that Fike thereupon made good the work in all the particulars pointed out, and which under the contract he was obligated to do, and agreed to make good any other defect then pointed out, and that after this Mrs. Stratton accepted the house as constructed, then she would have no right after this to charge Fike with the doing of other work on the house.

"(7) The court charges the jury that if you are reasonably satisfied from the evidence that the original contract between plaintiff and defendant was altered by mutual agreement on the part of the parties thereto entered into after the time for the performance of the original contract had expired, and that by the changed contract new duties and obligations were assumed by each party, and that at that time when this change in the contract was made the defendant made no claim for damages or any delay in the performance of the original contract, and that by the new or altered contract no time of performance was fixed, and no damage for delay in performance was stipulated or agreed upon, then you cannot find for the defendant for any liquidated damages provided for in the original contract.

"(8) The court charges the jury that if you are reasonably satisfied from the evidence that the original contract between complainant and defendant was altered by a mutual agreement of the parties thereto entered

into after the time for the performance of the original contract had expired, and that by the change of the contract new duties and obligations were assumed by each party, and that, at that time, when this change in the contract was made, the defendant made no claim for damages or any delay in the performance of the original contract and that by the new or altered contract, no time of performance was fixed and no damage for delay in performance was stipulated or agreed upon, then you cannot find for defendant for damages for delay in the performance of the original contract.

"(9) If you are reasonably satisfied from the evidence that the original contract made between the plaintiff and defendant for the remodeling of the house was changed by mutual agreement between the parties thereto entered into after the time for the performance of the said original contract had expired, and that by the changed contract defendant agreed to discharge the architect she had previously employed on the work, agreed to employ Fike to have entire charge of the work without any architect, agreed to furnish bathtub and lavatory, and do the electric wiring which she previously had contended she was not obliged to furnish and do, and that by this altered contract no provision was made for the payment by Fike for any liquidated damages for past delay, and no new time was fixed within which the work was to be done, nor any stipulations for damages for failure on Fike's part to complete and turn over the building by any specified time, then you cannot find for the defendant for any damages for delay.

"(10) If you are reasonably satisfied from the evidence that the original contract made between plaintiff and defendant as to the remodeling of the house was changed by mutual agreement between the parties thereto, entered into after the time for the performance of

the original contract had expired, and by the change the architect previously employed by Mrs. Gage was discharged, and the whole job intrusted to Fike by Mrs. Gage, and that under this changed contract new duties were assumed by both parties, and that there was in the altered contract no time for performance fixed, no liquidated damages provided for, then Mrs. Gage waived her right to claim any liquidated damages under the original contract, and stood on the contract as altered without any provision for liquidated damages, and you cannot find for the defendant for liquidated damages under her plea.

"(11) I charge you, gentlemen of the jury, that, if you believe the evidence in this case, you should find for the plaintiff for the amount claimed for extra work and materials sued for in this complaint."

"(13) I charge you, gentlemen of the jury, that if you are reasonably satisfied from the evidence in this case that any delay in the completion and delivery of the house was due to causes not beyond the control of Fike, and that Fike is chargeable with any stipulated damages, you can only allow defendant as stipulated damages an amount equal to the balance as compensation due Fike under his contract with Mrs. Gage as agent of date September, 1906. You cannot deduct such damages, if any, for delay for the amount, if any, that you may find due Fike for extra work, nor render any judgment over against Fike beyond the amount of such compensation."

"(15) I charge you, gentlemen of the jury, that if under the evidence in this case you find that there was any delay in the completion and delivery of the house by Fike to the defendant or her agent, for which delay Fike is chargeable, you cannot allow the defendant a sum as liquidated damages greater than the amount

claimed by Fike under the contract in the second count of the complaint."

The plaintiff recovered judgment for $1,132.

ROACH & CHAMBERLAIN, for appellant. Plea 2 was fatally defective as a plea of recoupment, and demurrers should have been sustained.—*Shepherd v. Dowling*, 103 Ala. 566; *Moore v. Barbour*, 118 Ala. 572; *Dalton v. Bunn*, 137 Ala. 182. The demurrers to the 3rd plea should have been sustained.—9 Cyc. 572, and notes; *Blan v. Beal*, 5 Ala. 360; *Carpenter v. Devon*, 6 Ala. 718; *Vincent v. Rogers*, 30 Ala. 473; s. c. 33 Ala. 224. The court erred in sustaining defendant's demurrers to replication 1.—*Kinnon v. Teleg. Co.*, 92 Ala. 399; *Hester v. Ballard*, 96 Ala. 410; *L. & N. v. Hines*, 121 Ala. 234. The court erred in overruling objections to Roger's testimony.—*Thomas v. Ellis*, 4 Ala. 108; *Meriwether v. Taylor*, 15 Ala. 735; *Kirtland v. Oates*, 25 Ala. 468; *Aarnes v. Windham*, 137 Ala. 518. The court erred in giving charges 1 and 2 at defendant's request.—*Allen v. Mut. Co.*, 101 Ala. 574; *Sloss v. Eureka Co.*, 80 Ala. 30; 30 Cyc. 1187. The court erred in giving charge 3 for defendant, as well as charge 4.—6 Cyc. 57. The court erred in refusing charges 1 and 2 to the plaintiff.— *Jefferson Hotel Co. v. Brumbaugh*, 168 Fed. 867, and cases cited; 168 Fed. 1002; 36 N. Y. 388; 168 Pa. 218; 34 Atl. 1001; 41 S. W. 178. The court erred in refusing charges 4 and 5.—*Johnson v. Sellers*, 33 Ala. 270; *Bell v. Teague*, 85 Ala. 211; 142 U. S. 128, and authorities supra. Charges 7, 8, 9 and 10 involve the same proposition, and should have been given.—*Cornish v. Suydam*, 99 Ala. 620; 6 Cyc. 65; *Kirtland v. Oates, supra; Aiken v. Bloodgood*, 12 Ala. 221. The court erred in refusing charge 11.—*Moore, et al. v. Westinghouse Co.*, 112 Ala.

452; *Lawton v. Rickets,* 104 Ala. 435; *Moore v. Asphalt Co.,* 118 Ala. 572. The defendant had waived any right to claim any damages if she ever possessed such right. —*Cornish v. Suydam, supra;* 99 Ala. 620; see also 142 U. S. 128; 13 N. E. 182; 72 N. W. 24.

B. B. BOONE, and J. GAILLARD HAMILTON, for appellee. The demurrers to the second plea cannot be considered because not refiled to the plea as amended.— *Brown v. City of Mobile,* 122 Ala. 157. Only the 3rd, 4th, 6th and 10th grounds are insisted on, and hence, they cannot be considered.—*Flournoy v. Lyons,* 70 Ala. 308; *Copeland v. Cunningham,* 63 Ala. 394. In any event, they go only to the measure of damages, which cannot be raised by demurrer.—*Elliott v. Ketchum,* 111 Ala. 546; *Trammel v. Chambers County,* 93 Ala. 388. In any event, the plaintiff was liable to the defendant for the difference between the sums paid to finish the work, and the price agreed to be paid for the plaintiff, if it was less than the cost to the defendant.—*O'Brien v. Anniston Pipe Works,* 93 Ala. 582. The demurrer was addressed to the whole plea, while it goes in fact only to a part of the plea—*Corpening v. Worthington,* 99 Ala. 541; *A. G. S. v. Tapia,* 94 Ala. 226; *Treadwell v. Tillis,* 108 Ala. 262. The specifications are alleged to be a part of the contract, and the plea sets up the specifications.—*Leach v. Bush,* 57 Ala. 145; 9 Cyc. 729; 13 Cyc. 179. The specifications could be made a part of the contract.—*Pike County v. Hanchey,* 119 Ala. 39. Plea 2 has a duplicate in plea 13, and hence, there was no error in overruling demurrer to it.—138 Ala. 348. The proviso was defensive matter to be set up by the contractor, and hence, not necessary to be incorporated in the pleas.— *Lewis v. Burton,* 74 Ala. 317; *Booth v. Comeyge,* Minor 201; 9 Cyc. 727; *Tenn. Co. v. Bridges,* 144 Ala. 237; 37

[Fike v. Stratton.]

N. E. 459. For the same reasons plea 3 was not subject
to demurrers.—61 S. E. 638, and authorities supra. Mat-
ters peculiarly within the knowledge of the other party
need not be alleged by his adversary.—*L. & N. v. Wilson,*
50 South. 182. Replications 10 and 11 were not refiled.
They applied to pleas 12 and 13, and the demurrers to
them applied only as to pleas 3, 4, 7 and 8, and they
were substantially the same as replication 13, and hence,
no injury occurred by sustaining demurrers to them.—
*U. S. F. Co. v. Depme,* 130 Ala. 248. In any event, they
stated mere conclusions because failing to state the
facts constituting the delay, thus showing that they
were beyond the contractor's control.—*Hart v. Blue-
worth,* 49 Ala. 218; *Kennedy v. McDiarmid,* 47 South.
792; 31 Cyc. 72. Particularly is this true where the
matter set up is an excuse for non performance.—9
Cyc. 723; *Lipscomb v. Seaman,* 44 South. 46; *City D.
Co. v. Henry,* 139 Ala. 161. There was no error in over-
ruling plaintiff's objection to the testimony of Rogers.
—*Aarnes v. Windham,* 137 Ala. 578; *Walstrom v. Oliver
Const. Co.,* 50 South. 46. No acceptance was shown in
such a sense as to deny defendant her right to damages.
—6 Cyc. 70 and 104; *Burnett v. Art Co.,* 51 South. 263.
The court properly gave charges 1 and 2 for defendant.
—*Stratton v. Fike,* 51 South. 874. The burden was
on the contractor to show that the delay was due to
causes beyond his control, and hence, charge 4 was
properly given.—*English v. Wilson,* 15 Ala. 203; 34
Atl. 1001. On the authorities above cited, the court
properly denied the charges requested by the plaintiff,
having recovered a judgment, errors going to plaintiff's
right to recover was cured by the verdict.—79 Ala. 430.

ANDERSON, J.—When the breach of a contract is
relied upon as the gist of the action or defense, it is

necessary that the declaration or plea allege a breach; otherwise it will be demurrable.—4 Encyc. Pl. & Pr. 937.

If the defendant's promise or engagement contains as a part of it an exception which qualifies his liability, or in certain instances renders him altogether free from liability, the exception must be stated, though this may not be necessary when the proviso does not go to relieve from liability under the contract entirely.—9 Cyc. 752, and cases cited in notes 39 and 40.

Nor is it necessary for the plaintiff to negative a proviso which would defeat his action once vested. The border line as to what conditions or provisions should be negatived in the declaration or set up as a defense is quite narrow, and the question is one which has given the courts considerable difficulty in the few cases in which it has been considered. The two leading American cases on the subject are *Wilmington & Raleigh R. R. v. Robeson*, 27 N. C. 391, and *Freeman v. Travelers' Insurance Co.*, 144 Mass. 572, 12 N. E. 372. These cases seek to draw a distinction between an exception and a proviso, defining them as follows: "A 'proviso' is properly the statement of something extrinsic of the subject-matter of the contract, which shall go in discharge of the contract, and, if it is a covenant, by way of defeasance. An 'exception' is taking some part of the subject-matter of the contract out of it. A proviso need not be stated in the declaration, for this, says Mr. Chitty, ought to come from the other side.—1 Saunders, 334, n. 2; *Sir Richard Hotham et al. v. East India Company*, 1 Term Rept. 645. In the latter case, Ashurst, J., in speaking of the circumstance which was omitted in the declaration, observes: 'This, therefore, being a circumstance, the omission of which was to defeat the plaintiff's right of action, once vested, whether called by

name a "proviso," "by way of defeasance," or a "condition subsequent," it must in its nature be matter of defense, and ought to be shown by the defendants'."— *Wilmington Case, supra.* Our own court has often recognized a distinction between exceptions and provisos and the necessity to negative them in indictments. —1 Mayfield, p. 447, subd. 33.

We think the true test, however, whether it be called an "exception" or "proviso," is whether or not it is a condition precedent to liability, or whether or not it is a condition subsequent going to defeat the plaintiff's action once vested, or if the existence or non-existence of the condition is essential to a breach of the contract, or merely affords a defense for a failure to comply with same or for a breach of same. If it is a condition precedent, it should be set forth in the declaration and can be met by a general denial. If it is not a condition precedent to a breach, but merely justifies or excuses a breach in certain instances or for certain causes, it is defensive matter, which need not be negatived or set out in the declaration.—*Tyson v. Weil,* 169 Ala. 558, 53 South. 912.

We think the third clause of the contract in question was intended to indemnify the owner of the house by way of liquidated damages against a delay in completing the building, but exempts or relieves the contractor from liability in case the delay was beyond his control. In other words, the proviso was intended as a defense in a certain instance to a right of action vested upon a breach by delay, and is not a condition precedent. "Every case depends upon the nature of the stipulation or condition, as well as upon the form of it."

We think the condition in question was intended to afford defensive matter to the delay by showing that it was not within the control of the contractor—a negative

averment peculiarly within his knowledge and upon whom rested the burden of proof, and is not one upon which the plaintiff's right of action is grounded.—*Vincent v. Rogers,* 30 Ala. 472; *Gains v. State,* 149 Ala. 29, 43 South. 137; *Farrall v. State,* 32 Ala. 557; 1 Greenleaf on Ev. § 74; *Davis v. Arnold,* 143 Ala. 228, 39 South. 141; *Rogers v. Brooks,* 105 Ala. 549, 17 South. 97. As above stated, the border line between provisos and exceptions is narrow, and there may be authorities and text-books which would require that this exception be set out in the declaration, but to so hold would be illogical. If the exception had to be negatived by the declaration, the contractor would only have to take issue, and thus show any reasonable cause for the delay peculiarly within his knowledge and without giving the owner the slightest intimation by the pleading what special excuse would be brought forth. As it is, the cross-complaint (which is recoupment plea 3) states a prima facie case, and which would be made out by proof of the delay. Then if the contractor does not deny the delay, but confesses it and seeks to avoid it, under the right given him by the contract, he should plead it, and set up the facts relied upon to show that the said delay was not within his control, and which would put the owner on notice of the character of defense he had to meet. The case of *Vincent v. Rogers,* 30 Ala. 472, upon first blush appears to be in conflict with the present holding, but a careful examination of the contract there considered shows that money was paid over to Rogers to be used for certain purposes, and the court merely suggested that the plaintiff should have gone a step further, and made out a prima facie case by averring that the defendant had incurred no liability for her under the contract, or by some other averment show a right of action at law. In other words, should have averred a breach of the

trust and which is a very different contract from the one now involved. The defendant's third plea was recoupment, and was in the nature of a cross-action, but was not defective for failing to negative that the delay complained of was beyond the control of the plaintiff, and the trial court did not err in overruling the demurrer to same.

The second plea is recoupment, setting up various and sundry things connected with the construction of the building as constituting a breach of the contract. The only ground of demurrer to same, the tenth, insisted upon, that questions the plea in its entirety, is but a general demurrer, setting up a mere legal conclusion and a non-compliance with the law.

While grounds 3 and 4 of the demurrer are addressed to the whole plea, yet they only set up as against the sufficiency thereof certain items, and should be addressed to said items, and not the whole plea, if a demurrer would be the proper way to question these items which we do not decide.

There was no error in sustaining the demurrers to replications 10 and 11. It is true the contract relieved the defendant from delays beyond his control, but the pleas should have set up the nature and cause of the delay, and not rested upon a mere conclusion.

The plaintiff, having recovered a judgment in this case, and being dissatisfied with the amount of damages, has prosecuted this appeal. Therefore the only charges or rulings necessary to be considered are those which may affect the quantum of damages, as all errors, if any were committed, which do not bear upon the damages, but upon the plaintiff's right to recover, or whether or not the defendant was entitled to a judgment over, were cured by the verdict in favor of the plaintiff.

There was no error in giving charges 1 and 2 at the

request of the defendant. They were held good upon the former appeal, and the argument now against them is that they permit a recovery over when the contract confined the damages for delay to be deducted from any unpaid balance due the plaintiff. If this was error, which we do not decide, it was cured by the verdict, as there was a judgment for the plaintiff.

There was no reversible error in giving charge 3 requested by the plaintiff. It does not require proof of the replications collectively, but merely puts the burden upon the plaintiff of proving each of them before either of them can countervail the pleas if the pleas were proven. It is true it should not have referred to replications 10 and 11, which went out on demurrer, but this was an oversight which should have been brought to the attention of the court or corrected by a counter instruction.

Charge 4 instructed for a finding against the plaintiff under the fact hypothesized, and, if error, was cured by the verdict.

Charges 1 and 3, refused the plaintiff, if not otherwise bad, sought to charge the defendant for any fault in the delay, and pretermitted confining her liability to the causes of delay as set up in the pleading.

Charge 4, refused the plaintiff, is subject to many criticisms which would render it bad, as well as misleading. It exonerates Fike unless the delay was wholly due to his fault, or if partly, though ever so slightly, was due to the defendant. The jury could be misled by said charge into excusing Fike for the delay if the defendant was at fault in the slightest, notwithstanding Fike could have obviated the delay. It also fails to charge the defendant with such faults or causes of delay as is pleaded in the replications. It also pretermits her right to recoup or offset any damages for a breach of

the contract other than for a delay, when it was a question for the jury as to whether or not there were breaches as to the character of work and material, and which she did not necessarily waive by accepting the house.

There was no error in refusing charge 5 requested by the plaintiff. If not otherwise bad, it seeks to charge the defendant with a waiver of defects by failing to point them out when she accepted the house and whether they were latent or patent, and whether or not she knew of them. Charges 5a and 6 are subject to the same criticism as is directed to charge 5. There is nothing in the case of *Aarnes v. Windham*, 137 Ala. 513, 34 South. 816, that constitutes the acceptance of a house a waiver of defects in the construction, unless the defects were known to the owner or were patent.

There was no error in refusing charges 7, 8, 9 and 10 requested by the plaintiff. They seek to invoke a waiver of the delay damages under the contract upon the theory of a waiver by a subsequent modification or alteration of the original contract, and it is questionable whether such a waiver was available without a special replication setting it up. Moreover, the charges invaded the province of the jury, and, in effect, instructed that the existence of the facts therein hypothesized constituted as matter of law a waiver of damages for the delay when it was at least a question for the jury to determine. whether or not the defendant waived her right to claim damages for delay by furnishing wire, discharging Biggers at the suggestion of the plaintiff and in permitting him to proceed with the work.—*Hawman v. Yellow House Turnpike Co.*, 2 Woodw. Dec. (Pa.) 332. In the case of *Cornish v. Suydam*, 99 Ala. 620 13 South. 118, there was a novation of the original contract.—*United Fidelity Co. Case*, 138 Ala. 367, 35 South. 344. Not a slight alteration as to minor details and which did not

necessarily show a waiver as a matter of law of the previous delay, either by said modification or in permitting the contractor to proceed with the work, and which said question of waiver in the instant case should have been submitted to the jury. Moreover, said *Cornish Case, supra,* was tried by the court without a jury, and this court properly held that the second contract was a waiver.

Charge 11 was properly refused. If not otherwise bad, it pretermits the defendant's plea of recoupment, and which we have heretofore held was sufficient.

Whether or not charges 13 and 15 requested by the plaintiff should have been given we need not decide, as the refusal, if error, was rendered harmless by the verdict of the jury. They charge against a judgment over for the defendant, and there was no judgment over, but a verdict in favor of the plaintiff.

It is questionable whether or not the objections to the testimony should be considered, as they should have been properly made to the questions, yet said testimony was competent and went to support the defendant's pleas.

The judgment of the law and equity court is affirmed. Affirmed.

SIMPSON, MCCLELLAN, and MAYFIELD, JJ., concur.