FOLMAR v. STATE. (4 Div. 890.)

(Court of Appeals of Alabama. Aug. 28, 1923. Rehearing Denied Oct. 30, 1923.)

1. Chattel mortgages &#8658;230—That mortgagor, selling part of mortgaged crop, had nothing to eat or to gather crops with, no defense.

That mortgagor, selling part of a mortgaged crop, had nothing to eat, nor anything on which to gather the crops, is no defense.

2. Criminal law &#8658;338(1)—Facts not tending to prove or disprove charge inadmissible.

Generally, circumstances and facts not tending to prove or disprove the charge are inadmissible.

3. Chattel mortgages &#8658;230—Mortgagee's failure to advance as much as agreed no defense to prosecution for selling mortgaged property.

Mortgagee's failure to advance mortgagor as much as agreed is no defense to a prosecution for selling the property mortgaged to secure payment for advances made.

4. Chattel mortgages &#8658;233 — Evidence of mortgagee's subsequent agreement to furnish money to gather mortgaged crops immaterial.

In prosecution for selling part of mortgaged crop, in which defense was made that defendant had nothing upon which to gather the crops, evidence that mortgagee subsequently agreed to furnish defendant money to gather the crops, *held* immaterial.

5. Chattel mortgages &#8658;233—Evidence that mortgagor, selling part of mortgaged crop, turned over balance to mortgagees and paid proceeds on advances made, held immaterial.

Evidence that one accused of selling part of a mortgaged crop turned over the balance to mortgagees, and paid the proceeds on advances made for the gathering of the crop, *held* immaterial, in the absence of any claim that the entire debt was discharged.

6. Chattel mortgages &#8658;233—Note of same date as mortgage held admissible in prosecution for selling mortgaged property.

In a prosecution of mortgagor for selling mortgaged property, defendant's note of the same date as the mortgage *held* admissible, both relating to defendant's indebtedness.

7. Chattel mortgages &#8658;233—Burden of showing mortgagees' consent to sale of mortgaged property is on mortgagor.

In a prosecution of mortgagor for selling the mortgaged property, the burden of showing mortgagees' consent to the sale is on defendant.

8. Criminal law &#8658;327—Negative averment as to matter peculiarly within knowledge of other party taken as true, unless disproved.

A negative averment as to a matter peculiarly within the knowledge of the other party is taken as true, unless disproved by the latter.

Appeal from Circuit Court, Pike County; A. B. Foster, Judge.

Joel S. Folmar was convicted of selling mortgaged property, and appeals. Affirmed.

D. A. Baker, of Troy, for appellant.

It was the duty of the state to prove every material allegation of the indictment or information, and it was error for the court to charge that it was not necessary to show want of consent for defendant to sell the property. Code 1907, § 7423; Davis v. State, 68 Ala. 58, 44 Am. Rep. 128; Blackman v. State, 98 Ala. 77, 13 South. 316; Wharton v. State, 73 Ala. 366; Whitten v. State, 115 Ala. 72, 22 South. 483; Heath v. State, 99 Ala. 179, 13 South. 689.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. The appellant, defendant in the court below, was convicted of selling mortgaged property. The evidence for the state was directed to showing that the defendant rented lands from W. B. Folmar & Sons for the year 1921; that he owed Folmar & Sons a balance carried over from the year 1920; that on February 15, 1921, he executed to said Folmar & Sons a mortgage on the crops to be grown on the Folmar place for that year to secure the advances already made and to be made. Defendant raised cotton on the place, and on October 29, 1921,

sold 1,160 pounds of seed cotton to the Farmers' Co-operative Warehouse & Gin Company for $64.96. There was a balance due on the note and mortgage, and the sale of the cotton was made without the consent of said Folmar & Sons: There was evidence tending to show that the cotton was grown on the place of Folmar & Sons. The defendant claimed that at the time he signed the $3,500 mortgage the amount was not written in, and that the same was filled later without his knowledge.

[1, 2] The state in rebuttal offered evidence tending to show that the amount, $3,-500, was written in the paper at the time defendant signed it, and that the amount included advances made for the year 1921, and that the rent was included in the amount, and also introduced in evidence a note for $500, executed February 15, 1921, by defendant and G. W. Folmar to W. B. Folmar & Sons. It was not competent to show that the defendant had nothing to eat, or nothing upon which to gather crops. Such facts, if true, did not purge the act of criminality, and constituted no defense. The evidence proposed to be introduced was immaterial to any issue in the case. The general rule as to the relevancy of evidence in criminal cases is that circumstances and facts which do not tend to prove or disprove the charge are inadmissible. 1 Wharton's Crim. Ev. (10th Ed.) p. 42, § 24; Id. p. 47. § 24b; McCormack v. State, 102 Ala. 156, 15 South. 438; Whitaker v. State, 106 Ala. 30, 17 South. 456.

[3] The failure of W. B. Folmar & Sons to furnish to defendant as much as they agreed to furnish, if true, constitutes no defense to a criminal prosecution for selling the property mortgaged to secure payment for the advances made. The evidence was immaterial. Wharton's Crim. Ev., supra.

[4] Evidence that W. B. Folmar & Sons had subsequently agreed to furnish defendant with money to gather the crops was immaterial to the issue of the guilt or innocence of the defendant of the charge of selling mortgaged property. Wharton's Crim. Ev., supra.

[5] Nor was it error for the court to refuse to permit the defendant to show that he turned over to Folmar & Sons the balance of his crop, except this remnant of cotton, and that defendant sold this remnant and paid the proceeds on advances he had made for the gathering of his crop. Evidence as to what became of the balance of the crop, unless it was shown that the debt was paid in full, was immaterial. There was no claim in this case that the entire debt had been discharged.

[6] There was no error in permitting the state to introduce in evidence the note for $500, executed by defendant and G. W. Folmar to W. B. Folmar & Sons on February 15, 1921, bearing the same date as the mortgage in evidence. Both notes and mortgages related to the indebtedness of the defendant to W. B. Folmar & Sons, which was a material inquiry in the case.

[7] The defendant excepted to the following portion of the oral charge of the court:

"Now, then, the next question is that this must have been without obtaining the consent of the lawful holder thereof. And is there any evidence to show that W. B. Folmar & Sons consented to the sale of this cotton? My understanding of the rule of law is that the question of consent would be upon the defendant; if he had the consent of W. B. Folmar & Sons, it would be his duty to show that he had the consent, and it is not necessary for the state, to make out its case, to show by each member of the firm of W. B. Folmar & Sons separately that they did not give their consent. I think, if the defendant had the consent of them, it would be incumbent upon him, as a defense in the case, to show that consent."

The oral charge of the court correctly states the law. The burden was not upon the state to show that the holder of the mortgage did not consent to a sale of the mortgaged property. The state, having proven the mortgage, the existence of the debt, and the sale of the mortgaged property by the defendant, discharged the burden resting upon it, and the burden was then on the defendant, if he relied upon that defense, to introduce evidence to show that the mortgagee consented to a sale of the mortgaged property. In the case of Freiberg v. State, 94 Ala. 91, 10 South. 703, the defendant was convicted for selling or giving liquor to a minor without the consent of the parent, or the person having the management or control of the minor. The court held that the burden was on the defendant to prove the consent, and not on the prosecution to prove the want of it. In a prosecution for unlawfully riding on a train without the consent of the train operators, it was held that the burden of proving the negative averments that the defendant was not in the employ of the railroad company, and that he was riding without authority from the engineer or conductor, was not upon the state; such facts being peculiarly in the knowledge of the defendant. Gains v. State, 149 Ala. 29, 43 South. 137.

[8] In prosecutions for engaging in certain occupations without a license, where a license is required, it has been held that it does not devolve on the state to show that the defendant had no license, but on the defendant to show affirmatively that he had. Bibb v. State, 83 Ala. 84, 3 South. 711; Porter v. State, 58 Ala. 66. The general rule is that:

"Where the subject-matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true, unless disproved by that party." Farrall v. State, 32 Ala. 557; Greenleaf on Ev. (16th Ed.) p. 154, § 79.

The burden of proving the consent of the mortgagee to a sale of the mortgaged property was on the defendant; the consent being in the nature of a license to him and being peculiarly within his knowledge.

We find no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.