# Bellinger *v.* The State.

*Indictment for Temporary Taking of Mule without Consent of Owner.*

1. *Charge refused not shown to be in writing.*—A charge asked and refused, which is not shown to have been reduced to writing (Code, § 2756), will be presumed to have been refused on that account.

2. *Taking personal property of another for temporary use, without consent.*—A conviction may be had for taking a mule, the property of another person, for temporary use, without the consent of the owner, and without a *bona fide* claim of title (Code, § 3861), although the defendant may have had no criminal intent, and may have thought that his intimacy with the owner justified the liberty.

3. *Same; sufficiency of indictment.*—Although a prosecution under this statute can only be instituted by the owner of the property so taken, it is not necessary for the indictment to aver the fact that it is so instituted.

FROM the City Court of Montgomery.

Tried before the Hon. Thos. M. ARRINGTON.

The appellant in this case, Jackson Bellinger, was indicted, tried and convicted for "unlawfully taking a mule of another, and using it temporarily without the consent of the owner." The evidence of Hison Weatherly corroborated the testimony of Ike Weatherly, which is set out in the opinion. There was other testimony, going to show that witnesses introduced for the State saw the defendant with the mule in question; and that he admitted to the justice of the peace that he did take it. The defendant in his own behalf testified, that he was on intimate terms with the prosecutor, which he thought would justify such liberties with each other's property. The charge which the court gave at the request of the State, and the one

refused to the defendant, to the ruling upon each of which the defendant excepted, are set out in the opinion.

RAY RUSHTON, for appellant.—The court erred in giving the charge asked by the State.—*Oliver v. State*, 17 Ala. 587; *McDougall v. Rutherford*, 30 Ala. 253; *Jones v. Fort*, 36 Ala. 449; *Corbett v. State*, 31 Ala. 329; *King v. Pope*, 28 Ala. 601. The court erred in not giving the charge requested by the defendant.— *White v. State*, 44 Ala. 409; *Roseberry v. State*, 50 Ala. 160; *Gordon v. State*, 52 Ala. 308; *Adley v. State*, 55 Ala. 16; *Davis v. State*, 58 Ala. 58.

WM. L. MARTIN' Attorney-General, for the State, cited *Stern v. State*, 37 Ala. 123; *Bain v. State*, 61 Ala. 75; *Mullens v. State*, 81 Ala. 42; *Cogle v. State*, 87 Ala. 38; *Dotson v. State*, 88 Ala. 208.

STONE, C. J.—The statute—Code of 1886, § 3861—is of relatively recent enactment, and is somewhat a new departure in criminal jurisprudence. Still, we can not say that it was not called for by considerations of public policy. Its object was to prevent or redress a grievance, the nature of which is clearly shown by the facts of the case before us. After fixing venue and time, the witness Weatherly testified, that "he rode his mule to a church in said county, and hitched it, and went into a house in which Ritta Harris, the sister of defendant, lived, and staid a few minutes, and then went out again. After a few hours he went and looked for his mule, and found it gone. That he and Hison Weatherly went in search of the mule next day, and found it several miles away. That he owned the mule, and that he was the prosecutor in the case." The mule was found in posession of the defendant.

The court, at the request of the prosecution, charged the jury that, "if they believed the evidence, they must find the defendant guilty." The defendant then asked the following charge: "If the jury find that there was no wrongful intent, coupled with a wrongful action, they should not convict the accused." This was refused, and an exception reserved.

It is sufficient for the wants of this question that the record fails to show that, when asked, this charge was in writing. That, of itself, justified its refusal.---Code of 1886, § 2756, and note; 3 Brick. Dig. 111, § 70.

We hold, however, the charge was rightly refused on the merits. To unlawfully take for temporary use, or unlawfully to use temporarily, "any animal or vehicle, without the consent of the owner, or person having the control thereof, and

[Bellinger v. The State.]

without a *bona fide* claim of title thereto," is what the statute in terms interdicts and punishes. The statute prescribes no other element of the misdemeanor, and we have no authority for incorporating in it a provision which the legislature omitted. All persons are presumed to intend the natural consequence of an act intentionally done, and there is, under the testimony in this case, no ground left for conjecture, even, that the defendant did not intend to violate the law in what he did.

It may be true, under the presumed license which friendship sanctions or tolerates, that one person may sometimes take or use temporarily the animal or vehicle of another, without intending to do an unlawful act. In such instances, if they occur, the circumstances will be found to be such as to raise the presumption that, if permission had been asked, it would have been granted. The safety in such case, however, lies in the fact that "no prosecution can be commenced, or indictment found" [under the statute we are considering], "except upon the complaint of the owner, or person having the control of such animal or vehicle." Under this safeguard, there is little danger that any prosecution will be set on foot, unless the liberty taken is a flagrant one. There is nothing in the facts of this case to palliate the unwarrantable liberty the defendant is proved to have taken.

We have now disposed of all the questions raised in the court below. The defendant contends that the indictment in this case is defective, in that it fails to charge that the prosecution was commenced, or the indictment found, upon complaint of Isaac Weatherly, the owner of the mule. This was not moved in defense, or in arrest of judgment in the court below, but is urged before us as ground of reversal.

In *Clark v. State*, 19 Ala. 552, it was said to be the correct rule on the subject, "that if there be any exception contained in the same clause of the act which creates the offense, the indictment must show negatively that the defendant does not come within the exception." Bishop, 1 Cr. Proc., § 635, quotes with apparent approbation the following language : "If there is an exception in the enacting clause, the party pleading must show that his adversary is not within the exception; but, if there be an exception in a subsequent clause, or subsequent statute, that is matter of defense, and is to be shown by the other party." See *Carson v. State*, 69 Ala. 235 ; *Gratton v. State*, 71 Ala. 344; 1 Bish. Cr. Proc., §§ 631, *et seq.*

It is manifest that the clause of the statute relied on for reversal in this case, is distinct from that which defines the offense, and in no sense modifies or qualifies the constituents of this statutory misdemeanor. It simply declares, that for the

[Matthews v. The State.]

unlawful taking or use of an animal or vehicle, the property of another, only the owner, or person having the right of control, can set the prosecution on foot. This is for a very obvious reason. The owner, or person having the right of control, may sanction such use, may condone it, or may be unwilling to prosecute for it. It was not deemed necessary or politic to grant this privilege of prosecution to any mere stranger who had not suffered by the unlawful use, and might, perchance, abuse the privilege.

We are convinced that this defense need not be anticipated by an averment in the indictment, and that its omission is no ground for arrest of judgment, or for reversal in this court.

We may add, the trial court should not permit a conviction under this statute, if it appears that the prosecution was not commenced by, or under the sanction of the owner, or person having the control of the property. If it be asked, in what manner this defense shall be presented, we do not announce absolutely. Possibly a motion to quash the indictment, as unadvisedly found, would be an available remedy.—3 Brick. Dig. 278, § 413.

There was no ground for such motion in the present case. Weatherly, the owner of the mule, testified that he commenced the prosecution.

There is no error in the record.

Affirmed.