# Blackman *v*. The State.

*Indictment for Unlawfully Taking Animal for Temporary Use.*

1. *Prosecutor; §§ 4352 and 4354 construed.*—A prosecutor, within the meaning of sections 4352 and 4354 of the Code of Ala., is one who appears before the grand jury, and has his name entered as prosecutor, and undertakes the prosecution of a particular case. It does not include one who merely complains and makes known to the grand jury that an offense has been committed, and asks that the complaint be investigated.

2. *Indictment failing to negative alternative offense.*—Under § 3861 of the Code, which imposes a fine upon the conviction of any person who unlawfully takes for temporary use any animal or vehicle, without the consent of the owner, or person having control thereof, an indictment which charges that the taking was without the consent of the owner, but fails to negative that said taking was without the consent of the person having control thereof, is demurrable.

FROM the City Court of Montgomery.

Tried before the Hon. THOS. N. ARRINGTON.

The appellant was indicted, tried and convicted under the following indictment: "The grand jury of said county charge that before the finding of this indictment, Leroy Blackman did unlawfully take for temporary use, or use temporarily, an animal, to-wit, a mare, the property of Lizzie Thomas, without the consent of the said Lizzie Thomas, the owner of said mare, and without a *bona fide* claim of title to said animal, against the peace and dignity of the State of Alabama." There was indorsed on this indictment, "No prosecutor." Before pleading, the defendant moved the court to quash the indictment on the ground that it was indorsed, "No prosecutor." This motion being overruled, the defendant then demurred to the indictment on the ground that it failed to negative the fact that the animal was taken with the consent of the party having control thereof. The court overruled this demurrer, and, issue being joined on the plea of not guilty, the court, after hearing the evidence, gave the general charge for the State, and refused to give the general charge for the defendant. The defendant duly excepted to each of these rulings.

JNO. GINDRAT WINTER, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

[Blackman v. The State.]

HEAD, J.—The defendant was indicted under section 3861 of the Code, which reads as follows: "Any person who unlawfully takes for temporary use, or uses temporarily any animal or vehicle, without the consent of the owner, or person having control thereof, and without a *bona fide* claim of title thereto, must, on conviction be fined, &c., · · .; but no prosecution shall be commenced, or indictment found, under this section, except upon complaint of the owner, or person having control of such animal or vehicle."

Section 4354 of the Code provides that if a prosecutor appears before a grand jury his name must be indorsed by the foreman on the indictment; and if no prosecutor appears, the words, "no prosecutor" must be indorsed thereon; and the next section makes the prosecutor, in cases of misdemeanor, liable for the costs, if, in the opinion of the court, the prosecution is frivolous or malicious. By another provision (Section 4352) the discretion vested in the grand jury in reference to finding indictments for misdemeanors, is withheld if a prosecutor appears. A prosecutor, within the meaning of these provisions, is one who appears before the grand jury, and has his name entered as prosecutor and undertakes the prosecution of a particular case, subject to the burdens and penalties which that office and undertaking impose. It does not include one who merely complains and makes known to the grand jury that a particular offense has been committed by a particular person, and asks that the complaint be investigated and acted upon. The statute under which this indictment is presented, does not require the owner, or person having control, to become a prosecutor.

It is sufficient, if the indictment is found upon his complaint, which may be instituted by making known to the grand jury the commission of the offense and his desire to have it investigated and the party indicted. The motion, therefore, to quash the indictment, because of the indorsement thereon, "No prosecutor," was properly overruled.

But the demurrer to the indictment was unquestionably well taken, because the indictment omits to negative the taking or using of the mare without the consent of the "*person having control thereof.*" This is too plain to need discussion.—*Bellinger v. State*, 92 Ala. 86.

The judgment of the City Court is reversed and remanded.