# Nicholson *v.* The State.

*Indictment for Engaging in the Business of Practising Dentistry Without a License from the Board of Dental Examiners.*

1. *Practising dentistry without license.—(Code 1876, §§ 1528, 1532.)* A certificate of qualification, issued by an authorized board of medical examiners pursuant to section 1528 of the Code of 1876, has no legal efficacy without a compliance with the requirements of section 1532 of said Code, and until such compliance the person to whom such certificate is issued is without authority to engage in the practice of medicine.

2. *Same.*—A certificate of qualification, so issued, affording not even an inchoate right to practice until the provisions of section 1532 of the Code of 1876. are complied with, such compliance, when effected, will not relate back and relieve the practitioner of the penal consequences of having previously engaged in the business.

3. *Same.*—Where the defendant procured a certificate of qualification, or license, to engage in the practice of dentistry from an authorized board of examiners in the year 1879, but which license was not presented, endorsed, sealed and recorded pursuant to section 1532 of the Code of 1876, until after the act of February 11, 1881, (Acts 1880-81, p. 82.)—and at the time of the passage of said act he had not been engaged in the practise of his profession for five years nor did he obtain a license pursuant to said last named act; he was not at the time of the passage of the act of February 28, 1887, (Acts 1886-87, p. 97,) amendatory of said act of 1881, lawfully engaged in the practice of dentistry and, therefore, not within the proviso of said act of 1887, "that nothing in this act shall be so construed as to require any person who is now lawfully engaged in the practice of dentistry to procure any additional license."—and he is not relieved by

[Nicholson v. The State.]

said proviso from the requirements of the two last mentioned acts in respect of being licensed as a condition to his right to practise dentistry.

APPEAL from the Circuit Court of DeKalb.

Tried before the Hon. JOHN B. TALLY.

The defendant admitted on the trial that he had practised dentistry in the county of DeKalb within the period covered by the indictment and offered in evidence a certificate of qualification, or license, for the practice of dentistry issued to him on the 30th day of December, 1879, by the medical Board of Censors for Bibb county, Alabama, which certificate or license was filed for record and recorded in the office of the Judge of Probate of Shelby county, Alabama, on the 23d day of March, 1891.

The defendant offered evidence tending to show that in December, 1879, he was practising dentistry in the counties of Bibb and Shelby, in this State, and practised continuously in various portions of the State from that time until the present; that at the time he had his certificate or license recorded he was living in Shelby county and engaged in practice there. That at the time the certificate or license was issued he had no permanent home or place of residence and had none until he located in Shelby county and then recorded his license there. That in the year 1882 he applied to the president of the Board of Dental Examiners at Tuscaloosa, also in 1890, and again in 1893, and each time exhibited to the board the above mentioned license, but the board each time refused to license him without assigning any reason.

At the time the defendant offered the said certificate or license in evidence the solicitor objected to its introduction, and moved to exclude it, and after the foregoing evidence was introduced (and which was all the evidence) the court granted said motion and to this action of the court the defendant duly excepted.

WARD & JOHN for the appellant.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—The indictment in this case charges that the defendant "did engage in the business of practising dentistry without having obtained a license from the board of dental examiners in the State of Alabama, and contrary to law," &c., &c.

It was admitted that the defendant did engage in the

business of practising dentistry in DeKalb county within the twelve months next before indictment found, and he offered in evidence a license, or a paper in the form of a license, issued to him by the Medical Board of Censors of Bibb County, and signed by its members on December 30, 1879, which, on its face certified his qualifications and authorized him to practise dentistry, &c. On the State's objection this paper was excluded and an exception to that ruling presents really the only question involved on this appeal.

This supposed license was issued under the provisions of sections 1528 and 1532 of the Code of 1876. The first of these sections required a license or certificate of qualification as a condition precedent to the right to practise dentistry, and the other—1532—provides: "Every certificate of qualification authorizing any person to practice medicine in this State, which shall be issued by any authorized board of medical examiners, shall be presented to the probate judge of the county in which such person resides, who shall officially endorse the same, and seal it with the seal of the county, and who shall also cause a full and fair copy of same to be made in a well bound book to be kept for that purpose, and called the register of licensed practitioners of medicine," &c. The so-called license issued to this defendant was never presented to the probate judge of any county for his official endorsement, was never officially endorsed by any probate judge, nor was it ever sealed with the seal of his county by any such judge; and it was not recorded in the office of a judge of probate nor filed for record until March 23, 1891. That this statute in all of its requirements is within legislative competency is not questioned. That those of its provisions which were either not complied with at all or not until years from the issuance of the alleged license had elapsed mean something and were intended to subserve some end deemed important by the law makers it would be absurd to deny. To hold, as contended for appellant, they were merely directory in the sense that the license was equally efficacious without a compliance with them would be to declare that they had no office to perform and were inserted by the general assembly as mere sounding words without pith or moment. This contention is based on the fact that no time is prescribed within which the license shall be presented to and officially endorsed, sealed and recorded by the judge of probate, and from this it is argued that the license imports authority to practise dentistry without these things being done, or at least that when the license is finally *recorded*—the other requirements not being

[Nicholson v. The State.]

complied with at all—its then acquired efficacy relates back to the date of its issuance. We do not concur in this view. The requirements of the statute are mandatory and vital. The very fact that no time is fixed to comply with them is a strong argument in support of the position that until they are complied with the so-called license is waste paper, conferring no right perfect or inchoate. The language employed is equally positive and mandatory in respect of these requirements as in respect of the issuance of the certificate by the board of examiners, and there is as much room on the face of the statute for holding the latter provision directory as the former. Nor is there any material difference in the importance of the several provisions. It was important to have an investigation and certification of the qualifications of one intending to follow this profession, but it was equally important in the accomplishment of the legislative purpose that there should be an official recognition of the license and a public record of it to the end that it might be known who were entitled to practise dentistry so that the penalties of the law might be visited upon those engaging in the practice without authority. We feel that it would be to emasculate the statute for us to hold that a paper in the form of a license which has not been presented to the probate judge and officially endorsed, sealed and recorded has any validity whatever; and we do hold that until these things are done the nominal licensee is as much without authority to practise dentistry as if the paper had never been issued to him. And upon familiar principles, there being not even an inchoate right to so practise until the statute has been complied with in the respects mentioned, such compliance could not relate back and relieve the practitioner of the penal consequences of having previously engaged in the business.

After this so-called license was issued to the defendant, and long before it was recorded in the office of any judge of probate, the law on this subject was changed. By the act of February 11, 1881, (Acts 1880-81, p. 82) a board of dental examiners was established, and it was made "unlawful for any person to engage in the practice of dentistry in the State of Alabama unless said person has obtained license from a board of dental examiners duly authorized and appointed by this act to issue said license." The only exception to the operation of this act had reference to dentists who had been in the regular practice of dentistry for five years next preceding the passage thereof, and the exception in their favor only relieved them from examination and entitled them

[Paul v. The State.]

to license without examination.; they too had to have license. The defendant had not been at that time for five years in the practice of dentistry, regular or irregular ; and he is therefore not within the proviso and would not be protected by it if he were because he was never licensed under it. Moreover this enactment utterly avoided the alleged license issued to the defendant in 1879, even were we to concede any original efficacy to that paper. After this act therefore it is clear to our minds that the defendant was wholly without even the semblance of authority to engage in the practice of dentistry ; even the color of right resting on the uncomplete license of 1879 was entirely destroyed. Between this time and February 28, 1887, he continued thus without the shadow of authority to practise dentistry in this State. On that day was approved an act amendatory of the act of 1881. This act, among other provisions, makes it a misdemeanor to practise dentistry without complying with the terms of the act of 1881, as amended by it in respect of being licensed, &c., &c., and contains this *proviso:* "that nothing in this act shall be so construed as to require any person who is now lawfully engaged in the practice of dentistry to procure any additional license." The defendant not having complied with the law existing previously thereto was not at the time of the passage of the act of 1887, "lawfully engaged in the practice of dentistry," hence was not within that saving clause, nor thereby relieved from the requirements of the last two acts in respect of being licensed as a condition precedent to his right to practise dentistry.

Our conclusions are that the so-called license of 1879, never had any efficacy, that conceding validity to it, it was nullified and avoided by the act of 1881, that the court therefore properly excluded it, and, the charge made by the indictment being otherwise admitted properly rendered a judgment of conviction, which is affirmed.