# Bell v. The State.

*Indictment for Practicing Medicine without a License.*

1. *Constitutionality of statute regulating practice of medicine.*—The statutory provisions regulating the practice of medicine in this State (Code, §§ 1296–1307), and making it a misdemeanor to practice medicine without having first obtained a certificate of qualification, (Acts 1890–91, p. 857, amending section 4078 of the Code), is a valid exercise

of the police power, and is not violative of any constitutional provision or principle.

2. *Indictment; not necessary to negative an exception created by a proviso to an act.*—Where a proviso or exception is embodied in a separate clause of a penal statute, and not in the clause creating the offense, it is not necessary that an indictment founded upon that statute should negative such proviso or exception.

3. *Evidence; introduction of a book of rules; objection to the whole.* Where, on a trial under an indictment for practicing medicine without a license, the book of rules of the Medical Association of the State is introduced in the evidence; but some of the rules therein contained are not relevant to the issue, an objection to the admission of the whole book, and not to such portions as were irrelevant, is properly overruled ; and it was not error to have allowed the whole book introduced in evidence.

4. *General affirmative charge for the State.*—Where on the trial of a criminal case the evidence shows without conflict that the defendant is guilty as charged, the general affirmative charge in favor of the State is properly given.

APPEAL from the Circuit Court of Dale.
Tried before the Hon. JESSE M. CARMICHAEL.

The appellant was indicted, tried and convicted under the following indictment : "The grand jury of said county charge that before the finding of this indictment, that Seaborn Bell practiced medicine in Dale county, Alabama, without having first obtained a certificate of qualification from one of the authorized boards of medical examiners of the State of Alabama, against the peace and dignity of the State of Alabama." This indictment was filed in open court on March 30th, 1893, and was based upon the provisions of an act, approved February 18, 1891, amending section 4078 of the Code.

The defendant demurred to the indictment, among others, upon the following grounds : 1st. Because the indictment does not charge any offense against the laws of Alabama. 2d. Because the law under which the indictment is drawn is unconstitutional. 3d. Because the indictment does not allege that at the time the defendant is charged with practicing medicine without a certificate of qualification, there was, in Dale county, a medical society in affiliation with the Medical Association of the State. 4th. Because the indictment does not negative by proper averments that the defendant was within the

several provisos of the amendatory act. The court overruled the demurrer, and the defendant duly excepted. Issue was joined upon the plea of not guilty; and the State offered evidence tending to show that in said county, and within the time covered by said indictment, and before his license was recorded, the defendant practiced medicine without having first obtained a certificate of qualification from the medical society of Dale county, or the Medical Association of Alabama. The State also proved that there was a medical society in Dale county at that time, which was organized in pursuance of the rules and regulations of the Medical Association of the State of Alabama. The State offered in evidence "The printed Book of Rules of the Medical Association of the State of Alabama." The defendant objected to the introduction of said book in evidence, and duly excepted to the court's overruling his objection; and also excepted to the court's overruling his motion to exclude said book from evidence.

The defendant offered in evidence his diploma, which was awarded to him as a Doctor of Medicine by "The Georgia College of Eclectic Medicine and Surgery," on February 25, 1892. This diploma was endorsed by the Probate Judge of Dale county, as follows: "I hereby certify that the within diploma was filed in this office for record on the 28th day of March, 1893, at 11 o'clock A. M., and duly recorded."

The court, at the request of the State, instructed the jury in writing as follows: "If the jury believe the evidence, beyond a reasonable doubt, they must find the defendant guilty as charged." To the giving of this charge the defendant duly excepted, and also excepted to the court's refusal to give the general affirmative charge in his behalf.

LEE & LEE, for appellant.—The indictment should have negatived the fact that the defendant came within the proviso of the act; and the demurrer based on this ground should have been sustained.—Acts 1890-91, p. 857; *Clark v. State*, 19 Ala. 552; *Davis v. State*, 39 Ala. 521; *Giles v. State*, 52 Ala. 29; *Grattan v. State*, 71 Ala. 344; *Carson v. State*, 69 Ala. 235; *Bellinger v. State*, 92 Ala. 86.

6

Wm. L. Martin, Attorney-General, for the State.—1. The constitutionality of the legislation in question was settled against the contention of appellant, in the case of *Brooks v. State*, 88 Ala. 122, and re-affirmed in *Stough v. State*, 88 Ala. 234.

2. It was not necessary that the indictment should negative the fact that defendant came within the exceptions mentioned in the amendatory act aforesaid.—*Clark v. State*, 19 Ala. 552; *Carson v. State*, 69 Ala. 235; *Grattan v State*, 71 Ala. 344; *Britton v. State*, 77 Ala. 202; *Bell v. Wallace*, 81 Ala. 422; *Bellinger v. State*, 92 Ala. 86.

3. Part of the contents of the "Book of Rules of the Medical Association of the State of Alabama," being admissible, the general objection to the entire book was properly overruled.—3 Brick. Dig., 443, § 570.

COLEMAN, J.—The defendant was convicted for practicing medicine without having first obtained a certificate of qualification as provided in section 4078 of the Criminal Code, and the statute amendatory thereof approved February 18th, 1891.—Act of 1890-91, p. 857. This court has declared that the statute is constitutional. *Brooks v. The State*, 88 Ala. 122; *Nicholson v. The State*, 100 Ala. 132.

It was not necessary to aver in the indictment that the defendant did not come within the proviso of the amendatory act of 1890-91, *supra*. Where the exception is incorporated in the enacting clause, the indictment should negative the fact that the defendant came within the exception; but this rule does not apply to exception contained in a proviso to the enacting clause. It then becomes a matter of defense.—*Carson v. The State*, 69 Ala. 235; *Grattan v. The State*, 71 Ala. 344; *Bellinger v. The State*, 92 Ala. 86. The indictment was sufficiently definite. The court did not err in overruling the demurrer to the indictment.

It may not have been necessary to introduce in evidence the book of rules of the Medical Association of the State of Alabama, but its admission was not error.—Code of 1886, § 1296; Book of Rules, Section 14, Articles 63, 64, 70, 73. The objection was to the whole book, and not to such portions as may have been irrelevant.

The evidence, without conflict, showed that the defendant practiced medicine without having complied

with the provisions of the statute. The court did not err in the charge given.

Affirmed.

