(99 South. 826)

## JACKSON v. STATE. (7 Div. 926.)

(Court of Appeals. of Alabama. April 8, 1924. Rehearing Denied April 22, 1924.)

**1. Physicians and, surgeons ☞2—Statute requiring certificate of qualification held valid exercise of police power.**

Acts 1915, p. 661, denying to all persons not obtaining a certificate of qualification from the state board of medical examiners the privilege of engaging in the profession of treating diseases of human beings, by any system, *held* valid exercise of police power, and not discriminatory against the chiropractic system of treatment, as the statute extends to all schools or systems of treatment, and extends to the practitioners of each the right to apply for required certificate.

**2. Courts ☞91(1)—Court of Appeals bound by decisions of Supreme Court.**

Under Acts 1911, p. 100, § 10, Court of Appeals must be governed by decisions of Supreme Court.

───────────────────────────────

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Criminal law ⟂260(7)—Recitals in appeal bond sufficient to give circuit court jurisdiction without verified transcript.**

Circuit court *held* to acquire jurisdiction on appeal from a judgment of conviction in the county court, notwithstanding county court failed to make a verified transcript of proceedings therein to clerk of circuit court, as authorized by Code 1907, § 6726; recitals in appeal bond being sufficient to give jurisdiction.

**4. Indictment and information ⟂37, 110(30)—Complaint for practicing medicine without license held sufficient.**

In a prosecution for treating diseases without certificate of qualification, in violation of Acts 1915, p. 661, complaint, which in the first count followed the form in the Code, was sufficient as was the third count, which substantially followed the language of the statute.

**5. Physicians and surgeons ⟂6(10)—Burden on accused to show possession of certificate of qualification.**

In a prosecution of one for treating diseases without a license, in violation of Acts 1915, p. 661, the possession of a certificate of qualification was defensive matter, and, where the state showed defendant treated diseases as alleged, the burden was on defendant to show he had obtained a certificate.

**6. Physicians and surgeons ⟂6(11)—Affirmative charge held proper.**

Where, in a prosecution for treating diseases without a license, in violation of Acts 1915, p. 661, there was no conflict of the evidence which was sufficient to sustain the averments of the complaint, the court properly gave the affirmative charge in writing requested by the state.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

E. T. G. Jackson was convicted of treating diseases of human beings without license, and appeals. Affirmed.

The complaint is as follows:

"The state of Alabama, by its solicitor, complains of E. T. G. Jackson that, within twelve months before the commencement of this prosecution, he did:

"(1) Practice medicine or surgery without a license and contrary to law.

"(2) E. T. G. Jackson did treat or offer to treat diseases of human beings in this state by a system of treatment known and called chiropractic, without having obtained a certificate of qualification from the state board of medical examiners against the peace and dignity of the state of Alabama.

"(3) The state, by its solicitor, further complains of the defendant, E. T. G. Jackson, that, within twelve months before the commencement of this prosecution, he, the said E. T. G. Jackson, did treat or offer to treat diseases of human beings by a system of treatment known and called chiropractic, without having obtained a certificate of qualification from the state board of medical examiners of Alabama, against the peace and dignity of the state of Alabama."

Hooton & Hooton, of Roanoke, for appellant.

The record fails to show a verified copy of the proceedings in the county court and the judgment should be reversed. Code 1907, § 6726; McLosky v. State, ante, p. 544, 98 South. 706; Hall v. State, ante, p. 178, 95 South. 904; Ex parte Rodgers, 12 Ala. App. 218, 67 South. 710.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The complaint follows the statute, and is sufficient. Oliver v. State, 16 Ala. App. 533, 79 South. 313. The affirmative charge was properly given for the state. Thompson v. State, ante, p. 328, 97 South. 258; Fason v. State, ante, p. 533, 98 South. 702. Contention that the record of proceedings in the county court is not sufficiently shown is without merit. Ex parte State, 210 Ala. 458, 98 South. 708. The act under which the prosecution is had is valid. Bond v. State Board, 209 Ala. 9, 95 South. 295; Ex parte Samples, 210 Ala. 544, 98 South. 803.

BRICKEN, P. J. By the undisputed testimony it is admitted that this appellant was engaged in the practice of a chiropractor in Randolph county, and within the time covered by the complaint against him in this case.

The evidence is also without conflict upon the proposition that he engaged in such practice, as aforesaid, without having obtained a certificate of qualification from the state board of medical examiners.

[1] Under the law of this state any person who treats, or offers to treat, diseases of human beings, by any system of treatment whatsoever, must obtain a certificate of qualification so to do from the state board of medical examiners, and the treating or offering to treat diseases of human beings without having obtained a certificate of qualification from said board is a misdemeanor (Acts 1915, p. 661), and this applies to the chiropractor as well as to any who treats, or offers to treat, diseases of human beings by any system of treatment. In other words, under the present law the privilege of engaging in the calling or profession of treating, or offering to treat, diseases of human beings by any system whatsoever is denied to all persons who have not obtained the required certificate of qualification from said board.

This statute is not unconstitutional, as is insisted by appellant. State v. State Board of Medical Examiners, 209 Ala. 9, 95 South. 295, and cases cited. Bell v. State, 104 Ala. 79, 15 South. 557; Fealy v. City of Birmingham, 15 Ala. App. 368, 73 South. 296.

It is a valid exercise of the police powers, and has as its purpose the protection of the

⟂For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

public; and is not discriminatory, as the authority of the state board of medical examiners to issue certificates of qualification is not limited to those who desire to enter the profession as homeopathic doctors, but extends to all schools or systems of treatment. Therefore the chiropractor is not excluded or discriminated against, under the provisions of this statute, for he has the same right to apply to the board for the required certificate of qualification as has the osteopath or homeopath, and, if the necessary certificate of qualification is awarded him, there is nothing in the law that denies him the right to pursue his method known as the chiropractic system of treatment.

As has well been said this law is designed to protect the public from the ignorant and the incompetent (Williamson v. State, 16 Ala. App. 392, 78 South. 308), and, as stated, since there is no discrimination in this law against the school of practice indulged by appellant, there is no reason why he, or his class, should be excepted from the operation thereof.

[2, 3] This ✱prosecution originated in the county court, and from a judgment of conviction in said court he appealed to the circuit court. It is here insisted by the fourth assignment of error—

"that the verdict and judgment is void, for that the judge of the county court failed to make a copy of the proceedings had in the county court, verify the same as correct, and hand the transcript to the clerk of the circuit court, as required by section 6726 of the Code of 1907 in cases of appeal from the county court to the circuit court."

In support of this insistence appellant cites the cases of McLosky v. State (Ala. App.) 98 South. 706 (on rehearing),[1] Hall v. State (Ala. App.) 95 South. 904,[2] and Ex parte Rogers, 12 Ala. App. 218, 67 South. 710, the case of McLosky, supra, being relied upon principally in this connection. That case expressed the views of the writer and of this court on the question involved, but the rule therein stated was not approved by the Supreme Court on certiorari in Ex parte State ex rel. Atty. Gen., In re McLosky v. State (Ala. Sup.) 98 South. 708,[3] and under the statute (Acts 1911, p. 100, § 10) this court must be governed by the decisions of the Supreme Court. Under the decision in the Ex parte McLosky Case, supra, the Supreme Court held in effect that the transcript of the county judge required by section 6726 is not essential, and in this connection the court, speaking through Mr. Justice Gardner, has the following to say:

"We recognize that the circuit court does not acquire jurisdiction by the execution of the appeal bond, for such bond is not a condition precedent to an appeal (Alford v. State, 170 Ala. 178, 54 South. 213, Ann. Cas. 1912C, 1093), but the holding in the Lee Case, which we here approve [Lee v. State, 10 Ala. App. 191], is to the effect that the recitals of the appeal bond suffice to show the trial and conviction of the defendant in the county court, and his appeal from a conviction to the circuit court, thereby giving to the latter court jurisdiction of the cause."

Under this decision of the Supreme Court we must hold that the circuit court acquired jurisdiction of this case, and the insistence of error in this connection cannot be sustained.

[4] The complaint not only followed the form laid down in the Code in the first count, which is sufficient (Smith v. State, 8 Ala. App. 352, 63 South. 28), but in the third count the language of the statute was substantially followed, which makes that count good. The demurrers to the complaint were properly overruled.

[5] On the trial of this case the state unnecessarily assumed the burden of proving that the defendant had not obtained a certificate of qualification from the state board of medical examiners. This was defensive matter, and, as the state had offered testimony showing that the defendant treated disease of human beings, the burden was cast on defendant to show that he had obtained the certificate of qualification required by law. McLosky v. State (Ala. App.) 98 South. 706;[4] Porter v. State, 58 Ala. 66; Bibb v. State, 83 Ala. 84, 90, 3 South. 711; Morgan v. Whatley, 205 Ala. 170, 87 South. 846; Thompson v. State, ante, p. 328, 97 South. 258.

[6] There being no conflict in the evidence, and, there being ample testimony to sustain the averments of the complaint, the court properly gave the affirmative charge in writing requested by the state.

There appears no error in any of the rulings of the court. The record proper is without error; therefore the judgment appealed from must stand affirmed.

Affirmed.