(104 So. 438)

## WIDEMAN v. STATE. (3 Div. 483.)

(Court of Appeals of Alabama. Sept. 2, 1924. On Rehearing, Oct. 28, 1924. Further Rehearing Denied Dec. 16, 1924.).

1. **Constitutional law** ⊜⟹206(4), 238(1), 275 (1)—Statute requiring certificate of qualification to practice medicine, held not unconstitutional as violating fourteenth amendment.

Code 1907, § 7564, as amended by Acts 1915, p. 661, prohibiting treatment of disease without obtaining a certificate of qualification from state board of medical examiners, *held* not to deny equal protection of law or to violate federal Const. Amend. Fourteen.

2. **Physicians and surgeons** ⊜⟹6(9) — Indictment for practicing medicine without certificate held sufficient without averring defendant used system of treatment.

In prosecution of chiropractor for practicing medicine without a certificate of qualification, indictment *held* sufficient without averring that defendant treated human diseases by a "system of treatment"; it being sufficient to aver that he treated diseases of human beings without first obtaining license from state board of medical examiners.

3. **Physicians and surgeons** ⊜⟹2—Statute, requiring certificate of qualification to practice medicine, held valid.

Code 1907, § 7564, as amended by Acts 1915, p. 661, requiring all persons, treating human diseases as a profession, and for a livelihood, to obtain a certificate from state board of medical examiners, is a valid police regulation.

---

⊜⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Physicians and surgeons ⬤⟿1—Legislature may prescribe test of qualification.**

Legislature may prescribe a test by which qualifications of persons, who treat human diseases, may be determined, and has conferred authority on state board of medical examiners to conduct examinations for such purpose by Code 1907, §§ 1626–1645.

**5. Physicians and surgeons ⬤⟿6(1)—Treating diseases by "chiropractic" or "osteopathy" "practicing medicine" within statute.**

One who treats diseases of human beings by "chiropractic" or "osteopathy" or by any system of medicine as a profession, and means of livelihood, without first having obtained a certificate of qualification from state board of medical examiners, is "practicing medicine" within Code 1907, § 7564, as amended by Acts 1915, p. 661.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Practice of Medicine.]

**6. Physicians and surgeons ⬤⟿6(10)—Evidence of many treatments of same person held admissible in prosecution for practicing without certificate.**

In prosecution of chiropractor for practicing medicine without a certificate of qualification, evidence of many treatments of same person was permissible.

**7. Criminal law ⬤⟿678(1)—State may be required to elect for which treatment it would prosecute.**

In prosecution of chiropractor for practicing medicine without a certificate of qualification, state may be required to elect for which treatment it would prosecute.

**8. Physicians and surgeons ⬤⟿6(10)—Evidence of more than one treatment held admissible in prosecution for practicing medicine without certificate.**

In prosecution of chiropractor for practicing medicine without a certificate of qualification, evidence of more than one treatment was admissible, if limited to show guilty knowledge of defendant in administering treatment for which state elected to prosecute.

**9. Physicians and surgeons ⬤⟿6(10)—Amount or payment of chiropractor's charges held incompetent in prosecution for practicing medicine without certificate.**

In prosecution for practicing medicine without certificate of qualification, evidence that prosecuting witness paid defendant chiropractor for treatments or amount of defendant's charges therefor was incompetent, unless shown to be of res gestæ of treatment.

**10. Physicians and surgeons ⬤⟿6(10)—Competent to show defendant had offices with sign "Chiropractor."**

In prosecution of chiropractor for practicing medicine without a certificate of qualification, it was competent for state to show defendant had offices with sign "Chiropractor" over door.

**11. Physicians and surgeons ⬤⟿6(10)—Competent for state to show that defendant treated prosecuting witness "for sickness."**

In prosecution of chiropractor for practicing medicine without a certificate of qualification, it was competent for state to show that defendant treated prosecuting witness "for sickness."

On Rehearing.

**12. Criminal law ⬤⟿1169(2)—Admission of evidence, not a part of res gestæ, held not prejudicial.**

In prosecution of chiropractor for practicing medicine without certificate of qualification, any error in permitting proof of amount or payment of defendant's charges not part of res gestæ, held not prejudicial, where conviction was required by undisputed evidence, and smallest penalty permitted by statute was imposed.

Foster, J., dissenting.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

U. G. Wideman was convicted of practicing medicine without a certificate of qualification, and he appeals. Affirmed on rehearing.

Certiorari denied by Supreme Court in Ex parte Wideman, 104 So. 440.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

The indictment is demurrable for failure to allege the system employed by defendant. Ex parte Stollenwerck, 201 Ala. 392, 78 So. 454; State v. Dodd, 17 Ala. App. 20, 81 So. 356; 37 Cyc. 663. There is no offense in this state known as practicing medicine without a certificate of qualification. Code 1907, §§ 10, 7564; Acts 1907, p. 591; Acts 1915, p. 661. Any treatment constituted an offense, and the state should have been required upon which treatment it would prosecute. Frazier v. State, 19 Ala. App. 322, 97 So. 251; Fason v. State, 19 Ala. App. 533, 98 So. 702. Evidence of payment for treatment was erroneously admitted. Frazier v. State, supra; Fason v. State, supra.

Harwell G. Davis, Atty. Gen., Lamar Field, Asst. Atty. Gen., and Robert G. Arrington, Asst. Sol., of Montgomery, for the State.

The affirmative charge was properly given for the state. Rulings on demurrer and admission of evidence were without error. Frazier v. State, 19 Ala. App. 322, 97 So. 251; Thompson v. State, 19 Ala. App. 328, 97 So. 258; Fason v. State, 19 Ala. App. 533, 98 So. 702; McLosky v. State, 19 Ala. App. 544, 98 So. 706; Jackson v. State, 19 Ala. App. 633, 99 So. 826. It was proper to show defendant received a reward for his service. 9 Ency, Evi. 821; 30 Cyc. 1564; Fealy v. Birmingham, 15 Ala. App. 367, 73 So. 297; Ex parte Smith, 183 Ala. 117, 63 So. 70; Smith v.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

State, 8 Ala. App. 352, 63 So. 28; Nelson v. State, 97 Ala. 79, 12 So. 421.

FOSTER, J. The indictment contained two counts; the first count charged that the defendant did treat, or offer to treat, diseases of human beings without having obtained a certificate of qualification from the state board of medical examiners, and the second count charged that the defendant did practice medicine without having first obtained a certificate of qualification from the state board of medical examiners.

[1, 2] Section 7564, Code 1907, as amended by Acts 1915, p. 661, does not deny to the defendant equal protection of the law, and is not violative of the Fourteenth Amendment to the Constitution of the United States. We need but refer to the following cases and the reasoning employed in them to uphold the constitutionality of this legislation. Dent v. West Virginia, 129 U. S. 114, 9 S. Ct. 231, 32 L. Ed. 623; Bragg v. State, 134 Ala. 165, 32 So. 767, 58 L. R. A. 925, and authorities there cited. The motion to quash the indictment on the ground that the Act of 1915, supra, was in violation of the Fourteenth Amendment to the Constitution of the United States was properly overruled. The indictment was sufficient. It was not necessary to aver that the defendant treated human diseases by a "system of treatment." It was sufficient to aver that he treated or offered to treat diseases of human beings without first having obtained a license from the state board of medical examiners. Thompson v. State, 19 Ala. App. 328, 97 So. 258.

[3, 4] The statutory requirement that, all persons who treat, or offer to treat, human diseases as a profession, and for a livelihood, shall first obtain a certificate from the state board of medical examiners, is a valid police regulation, and the Legislature may prescribe a test by which such qualification may be determined, and may confer authority on a board to conduct examinations for this purpose. The state board of medical examiners has been designated by law to conduct such examinations and issue certificates of qualification. Code 1907, §§ 1626–1645; Williamson v. State, 16 Ala. App. 392, 78 So. 308; Thompson v. State, 19 Ala. App. 328, 97 So. 258.

[5] One who treats, or offers to treat, diseases of human beings by the system known as "chiropractic" or as "osteopathy" or by any system of medicine in any of its branches or departments, as a profession and means of livelihood, without first having obtained a certificate of qualification from the state board of medical examiners is "practicing medicine" within the meaning of the statute, and may be found guilty of "practicing medicine without having first obtained a certificate of qualification, etc." Bragg v. State, 134 Ala. 165, 32 So. 767, 58 L. R. A. 925; section 7564, Code 1907, as amended by Acts 1915, p. 661. While each treatment constitutes a separate offense, numerous treatments by one holding himself out to the public as a practitioner of chiropractic constitute "practicing medicine" as those words are construed in Bragg v. State, supra. The demurrer to the indictment was properly overruled.

[6] Evidence of many treatments of the same person was permissible under the second count of the indictment charging "practicing medicine." Fason v. State, 19 Ala. App. 533, 98 So. 703.

[7] The state may be required to elect for which treatment it prosecutes under the first count of the indictment. Frazier v. State, 19 Ala. App. 322, 97 So. 251.

[8] Evidence of more than one treatment is admissible under the first count of the indictment, if limited to the purpose of showing the guilty knowledge of the defendant in administering the treatment for which the state elects to prosecute.

[9] It was not competent for the state to prove, over defendant's objection, that the prosecuting witness paid the defendant for the treatments administered to her by him or what the defendant's charges for such treatments were, unless this was shown to be of the res gestæ of the treatment. Frazier v. State, supra; Fason v. State, 19 Ala. App. 533, 98 So. 702.

[10] It was competent for the state to show that the defendant had offices in Montgomery and had a sign "Chiropractor" over the door. Thompson v. State, supra.

[11] It was competent for the state to show that the defendant treated the prosecuting witness "for sickness." Frazier v. State, supra.

For the error indicated, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

### On Rehearing.

SAMFORD, J. (for the majority). [12] Under the facts, as presented by this record, the state was clearly entitled to the general affirmative charge. The verdict and judgment was for the minimum penalty under the law. Admitting therefore that the court committed technical error in "Permitting the state to prove, over defendant's objection, that the prosecuting witness paid the defendant for the treatment administered to her by him or what the defendant's charges for such treatments were, unless this was shown to be of the res gestæ of the treatment." Still, as the state was, on the undisputed evidence, entitled to a conviction, and the penalty imposed was the smallest fine provided by the statute, no injury could possibly have come to the defendant's cause by reason of the ruling and the admission of the testimony incident thereto.

The majority of the court are of the opinion and so rule that the rehearing is granted, the judgment of reversal set aside, and the judgment of the circuit court is affirmed.

FOSTER, J., dissents.