(106 So. 53)
**ROBINSON v. STATE.** (2 Div. 343.)

(Court of Appeals of Alabama. Nov. 3, 1925.)

Physicians and surgeons ☞6(9)—Indictment for practicing chiropractic system without certificate of qualification held not demurrable, as insufficiently describing system.

Counts of indictment charging that defendant treated or offered to treat human diseases by "a system known as chiropractic," practiced "by men known as chiropractors," without having obtained certificate of qualification from state board of medical examiners, *held* not demurrable, as not sufficiently describing such system, or what is done by chiropractors, nor averring that it is unknown; statute being designed to prevent treatment of diseases by any system without having obtained such certificate.

Appeal from Circuit Court, Dallas County; S. F. Hobbs, Judge.

James A. Robinson was convicted of practicing medicine without a license, and he appeals. Affirmed.

Counts 1 and 2 of the indictment, upon which the case was tried, are as follows:

"The grand jury of said county charge that before the finding of this indictment James A. Robinson did treat or offer to treat diseases of human beings by a system known as chiropractic for a reward, without first having obtained a certificate of qualification from the state board of medical examiners of the state of Alabama and contrary to law.

"The grand jury of said county further charge that before the finding of this indictment James A. Robinson did treat or offer to treat diseases of human beings by a system known as chiropractic for a reward, such system being practiced by men known as chiropractors, without first having obtained a certificate of qualification from the state board of medical examiners of the state of Alabama, contrary to law, * * * against the peace and dignity of the state of Alabama."

To these counts defendant demurred, on the grounds that they do not sufficiently describe the system by which defendant is averred to have treated or offered to treat disease; that they fail to sufficiently describe the alleged system known as chiropractic or what is done by chiropractors, or to aver that it is unknown; and that they fail to show that defendant has practiced this profession for more than two years.

Harwell G. Davis. Atty. Gen., and Robert G. Tate, Asst. Atty. Gen., for the State.

The rulings of the court on demurrer to the indictment were free from error. Gul-

latt v. State, 18 Ala. App. 21, 88 So. 371; Fason v. State, 19 Ala. App. 533, 98 So. 702; Thompson v. State, 19 Ala. App. 328, 97 So. 258; Robinson v. State, 212 Ala. 459, 102 So. 693.

SAMFORD, J. The case was tried on the first two counts of the indictment, to which demurrer was interposed. The statute is designed to prevent the treatment of diseases of human beings by any system whatever, without the party so engaged has first obtained a certificate of qualification from the state board of medical examiners of this state. The two counts sufficiently charge the offense and are not subject to the demurrers interposed. Wideman v. State, 20 Ala. App. 422, 104 So. 438; Ex parte Wideman, 213 Ala. 170, 104 So. 440.

There is no error in the record, and the judgment is affirmed.

Affirmed.