(120 So. 577)

### SANFORD v. STATE. (8 Div. 753.)

Court of Appeals of Alabama. Feb. 26, 1929.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J. Appellant was convicted of the offense denounced by section 5191 of the Code of Alabama of 1923, practicing medicine without license.

On his trial, under an indictment which was unchallenged by demurrer, he elected to introduce no testimony in his own behalf, but to rest his case on the testimony offered on behalf of the state. This testimony tended to show that he was engaged in the business of treating diseases of human beings in this state. This is as far as any burden rested upon the state, and, in the absence of any testimony on appellant's behalf, tending to show that he had been duly licensed, etc., authorized his conviction by the jury. Porter & Co. v. State, 58 Ala. 66; Bibb v. State, 83 Ala. 84, 90, 3 So. 711; Robinson v. State ex rel. James, 212 Ala. 459, 461, 102 So. 693; Thompson v. State, 19 Ala. App. 328, 97 So. 258; Folmar v. State, 19 Ala. App. 435, 97 So. 768; Samples v. State, 19 Ala. App. 478, 480, 98 So. 211; McLosky v. State, 19 Ala. App. 544, 98 So. 706; Jackson v. State, 19 Ala. App. 633, 99 So. 826.

The indictment, under which appellant was tried, regularly charging him with the offense of treating, or offering to treat, diseases of human beings in this state, without having obtained a certificate of qualification from the state board of medical examiners (Code 1923, § 2839), his trial was governed by the general rule that, "where the subject-matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true, unless disproved by that party." Farrall v. State, 32 Ala. 557; Greenleaf on Evi. (16th Ed.) p. 154, § 79. The general affirmative charge, requested by appellant, was properly refused.

No other question, worthy of mention, is presented by the record, and the judgment is affirmed.

Affirmed.